**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004061
23-JAN-2015
09:07 AM**

NO. CAAP-13-0004061

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WALTER N. GUITY, Plaintiff-Appellant, v.
NADETH M. GUITY, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 10-1-6563)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Walter N. Guity (**Walter**) appeals pro se from the October 2, 2013 Decree Granting Absolute Divorce and Awarding Child Custody entered in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Walter raises nine points of error, which are noncompliant with Hawai'i Rules of Appellate Procedure Rule 28(b)(4), but nevertheless have been considered by this court. Walter contends that: (1) his constitutional right to present witnesses, which he did not waive, was violated by the Family Court; (2) the Family Court erred in failing to hear a motion concerning a witness list and motion in limine as to the credibility of Defendant-Appellee Nadeth M. Guity (**Nadeth**); (3) the Family Court erred in allowing hearsay testimony (presumably by Nadeth), which would have been rebutted by Walter's witnesses; (4) the Family Court erred and misinterpreted Hawaii Revised

---

[1]     The Honorable Na'unanikina'u A. Kamali'i presided.

Statutes (**HRS**) § 708-839.55 (Supp. 2013); (5) perjured testimony influenced the Family Court, which was prejudicial to Walter; (6) the Family Court erred and misinterpreted HRS §§ 708-839.8 (Supp. 2013) and 708-852 (Supp. 2013) and refused to address certain fraudulent checks; (7) the Family Court failed to acknowledge a change in financial circumstances; (8) Walter is entitled to relief pursuant to Hawai'i Family Court Rules (**HFCR**) Rule 60(b)(1)(2)(3)&(6) with respect to medical and dental insurance for the parties' children, life insurance, various debts, furniture and other personal property, and undisclosed assets; and (9) Walter is entitled to a new trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Walter's points of error as follows:

(1)  Walter does not provide the identity of his purported witnesses or the nature of the testimony of their testimony.  For these reasons, among others, we cannot conclude that his constitutional rights were violated in this regard.

(2)  Walter's second point appears to challenge the Family Court's assessment of Nadeth as a witness.  However, without a more specific argument, we are unable to discern his assertion of error.  In any case, "it is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact."  Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation and internal quotation marks omitted).

(3)  Similarly, Walter fails to identify the alleged hearsay testimony.  Thus, no relief may be granted.

(4)  HRS § 708-839.55 is a section of the Hawai'i Penal Code pertaining to the unauthorized possession of confidential personal information and appears to have no application to this divorce proceeding.

(5)  It appears that Walter is again challenging the Family Court's assessment of Nadeth as a witness.  Again, without

a more specific argument, we are unable to discern his assertion of error.  See Fisher, 111 Hawai'i at 46, 137 P.3d at 360.

(6)  HRS § 708-839.8, pertaining to identity theft in the third degree, and HRS § 708-852, pertaining to forgery in the second degree, are provisions of the Hawai'i Penal Code and Walter fails to provide any argument or explanation how the Family Court's alleged misinterpretation of these statutes, and alleged refusal to address fraudulent checks, affected the Family Court's rulings such that he is entitled to some form of refief.

(7)  Walter does not identify whether and/or in what way he called his purported change in financial circumstances to the attention of the Family Court.  Nor does Walter adequately inform this court of the specific error alleged.  Accordingly, no relief may be granted by this court.

(8)  It does not appear from the record that Walter sought relief from the Family Court pursuant to HFCR Rule 60(b).

(9)  We conclude that Walter's arguments on appeal do not entitle him to a new trial.

For these reasons, the Family Court's October 2, 2013 Decree Granting Absolute Divorce and Awarding Child Custody is affirmed.

DATED: Honolulu, Hawai'i, January 23, 2015.

On the briefs:

Walter N. Guity
Plaintiff-Appellant Pro Se

Nadeth M. Guity
Defendant-Appellee Pro Se

Presiding Judge

Associate Judge

Associate Judge